# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MICHAEL E. HAMM, ) | |
| ) | CIVIL ACTION NO. 9:09-1297-HMH-BM |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| WARDEN RIDGELAND ) | |
| CORRECTIONAL INSTITUTION, ) | |
| ) | |
| Respondent. ) | |

Petitioner, an inmate with the South Carolina Department of Corrections (SCDC), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on May 12, 2009.[1]

The Respondent filed a return and motion for summary judgment on November 5, 2009. As the Petitioner is proceeding pro se, a Roseboro order was filed on November 10, 2009, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case.

Petitioner filed a memorandum in opposition on December 10, 2009. This matter is now before the Court for disposition.[2]

---



[1]Since the envelope does not reflect the date that it was received in the prison mail room, the undersigned has given Petitioner the benefit of the date reflected on his proof of service. Cf. Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all
(continued...)

1

**Procedural History**

Respondent represents that the Petitioner is currently incarcerated in the Ridgeland Correctional Institution as the result of his Berkeley County conviction and sentence for committing a lewd act on a child under sixteen years of age.[3] However, his current petition challenges two earlier Charleston County convictions for which he is not in custody. The Respondent represents that, upon information and belief, Petitioner maxed out his earlier orders of commitment from the Clerk of Court for Charleston County around September 2003.[4]

With regard to those commitment orders, the record reflects that Petitioner was indicted in May 2002 in Charleston County for two counts of indecent exposure [Indictment Nos. 02-GS-10-2468, 2469]. (R.pp. 64-66); see also Court Docket No. 1-3, p. 7.[5] Petitioner was represented on these charges by Rodney Davis, Esquire. On January 16, 2003, Petitioner entered a "no contest" guilty plea to the charges with a recommendation of concurrent sentences. (R.pp. 4, 12-13, 15-24, 53-62). Petitioner was sentenced to three (3) years on each count, concurrent, with credit for time served. (R.p. 62). At the same time, the same sentence was entered for a probation

---

(...continued)
pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]While no record cite is provided by the Respondent for this assertion, Petitioner has not disputed this representation in his filings.

[4]Again, Petitioner does not appear to contest this representation in his filings.

[5]There is not a state PCR record in this case. The Respondent has submitted the Petitioner's direct appeal record, which is only sequentially numbered through page 80. After page 80, record documents are included, but there are no record page numbers (only internal page numbers reflected for the individual documents). Therefore, the undersigned has included the Court Docket Number with corresponding page numbers for those remaining exhibits.

2



revocation on a previous conviction, Indictment No. 99-GS-18-316, lewd act on a child from Dorchester County. (R.pp. 55-57, 62, 66-79); see also Court Docket No. 27-1, pp. 67-80.

Petitioner filed a timely appeal. Petitioner was represented on appeal by Aileen P. Clare, Assistant Appellate Defender, who filed an Anders[6] brief requesting to be relieved as counsel and raising the following issue:

> Should appellant's convictions be vacated because S.C. Code Section 16-15-130, under which he was prosecuted, is unconstitutionally vague and overbroad?

See Brief, p. 3 [Court Docket Number 27-2, p. 4].

Petitioner subsequently filed an objection to the Anders brief, contesting counsel's decision to file an Anders brief and alleging that counsel should have already received his brief of issues addressing "constitutional rights violation(s), false arrest, false imprisonment, malicious prosecution, and the miscarriage of justice done to this Appellant" by the time that counsel filed the Anders brief.[7]

On April 15, 2004, the South Carolina Court of Appeals dismissed the Petitioner's appeal and granted counsel's request to be relieved. State v. Michael E. Hamm, 2004-UP-243 (S.C.Ct.App. Apr. 15, 2004) [Court Docket Number 27-3]. The Remittitur was issued on May 19, 2004 [Court Docket Number 27-4].

In the interim, while his direct appeal was pending, Petitioner filed a pro se Post Conviction Relief Application ("APCR") in state circuit court on April 29, 2003. Hamm v. State

---

[6]Anders v. California, 386 U.S. 738, 744 (1967); see also Johnson v. State, 364 S.E.2d 201 (S.C. 1998).

[7]This again is a representation by the Respondent. A copy of this document was not provided; however, Petitioner has not disputed this representation in his filings.



3

of South Carolina, No. 2003-CP-10-1836 [Court Docket Number 27-5]. Petitioner raised the following issues in this APCR:

    1. Defective Indictment related to Jan. 8, 2002 and Jan. 16, 2002 indictments.

    A. There was no arrest, no indictment form, no bond hearing, no preliminary hearing, perjury against Assistant Solicitor Herring-Lash and numerous other specifications of constitutional violations preceding his guilty plea, including double jeopardy claims, and that his exposure did not occur in a public place.

    2. Ineffective Assistance of Counsel - Various specifications against his three lawyers.

See Attachments to the Application [Court Docket Number 27-5, pp. 8-23].[8]

Petitioner was represented by Tara Anderson Thompson, Esquire [see Petitioner's Brief, p. 3], and an evidentiary hearing was held on May 31, 2005.[9] On May 31, 2005, the PCR judge issued an order pursuant to Rule 4, SCRCP, in which he summarily dismissing the APCR, with prejudice, based upon Petitioner's failure to appear after due notice and his failure to prosecute. See Order filed May 31, 2005 [Court Docket Number 27-7, pp. 1-2]. Petitioner did not perfect an appeal from this ruling.

On December 18, 2006, Petitioner filed a motion in the original jurisdiction of the Supreme Court to dismiss "defective indictment and unconstitutional statute to Petitioner". See [Court Docket Number 27-8]. Petitioner complained in his motion about the sufficiency of the indictment. See Motion, pp. 2-4 [Court Docket Number 27-8, pp. 2-4]. The South Carolina Supreme Court dismissed this filing on January 4, 2007, pursuant to Key v. Currie, 406 S.E.2d 356

---

    [8]The first issue is readily apparent from the petition, while the second issues are as the Respondent states in his brief. Petitioner's claims appear to be mixed throughout. See also, Return, p. 2.

    [9]A transcript from this proceeding is not in the record.



(S.C. 1991), because no extraordinary reason existed to entertain it in the South Carolina Supreme Court's original jurisdiction. See Order filed January 4, 2007 [Court Docket Number 27-9].

Petitioner then submitted a petition for writ of coram nobis that was received by the Charleston County Clerk of Court on February 20, 2008, but which was returned. See Court Docket Number 27-10. The February 20, 2008 Order reflects that the circuit court denied Petitioner's request to proceed *in forma pauperis* status and returned the petition for payment of the fee. See Court Docket Number 27-10, p. 1]. Petitioner then filed a "Request for Executive Clemency" and a petition for an evidentiary hearing to show cause under newly discovered evidence on May 15, 2009 (after he had also filed this federal petition), raising the following issue:

> Can the [State] bring you into court, along with your lawyer (Public Defender) and never present you with the indictment(s) prior to court, or until after court?

See Filing, p. 4 [Court Docket Number 27-11, p. 5].

The South Carolina Supreme Court dismissed this request on May 28, 2009, again pursuant to Key v. Currie, supra. See Order dated May 28, 2009. See Court Docket Number 27-12.

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner raises the following grounds:

**Ground One:**

**Supporting Facts:** The statute for indecent exposure Ann. § 16-15-130 states: It is unlawful for a person to willfully and indecently expose [his person] in a 'public place' on 'the property of others' or to 'the view of a person on a street or highway. . ."

All evidence, and statement(s) state [I] was in my [home] in front of a window and [her] in her front yard: [This is not part of the statute, so it is unconstitutional to me to be arrested, tried or sentenced to prison:].

**Ground Two**:

5



**Supporting Facts:** A major defect in the indictment and direct indictment is that it states: that Michael E. Hamm did in Charleston County January 8, 2002, willfully . . .

The indictment supplement arrest warrant affidavit and arrest warrant state specifically on January 16, 2002. [if no crime happened and January 8, 2002 then how could [I] be sent to prison?]

**Ground Three:**

**Supporting Facts:** In that the word "unlawfully" is missing in the indictment and direct indictment then is it "not" against the law to do a[] crime. This is a constitutional litigation legal issue.

**Ground Four:**

**Supporting Facts:** Is a "Direct indictment" even legal? Looking at all statements and evidence this alleged victim saw nothing and defendant was not even made aware of being charged with this alleged victim. Petitioner was not . . . arrested, nor charged with a crime for this person; yet; the asst. solicitor copied the Direct Indictment from the Grand Jury indictment.

**Ground Five:**

**Supporting Facts:** When is the proper time to present the indictment(s) to a[] defendant?

This Petitioner never sa[w] [his] indictments until after he was sentenced! So the constitutional legal issue is when is a[] defendant to be presented [his] indictments. [At the jail, before going into court or while sitting in front of judge] [We] have a "<u>Personal Right</u>" to know the cause and accusation against us, [ahead of time].

**Ground Six:**

**Supporting Facts:** "Did not" state the factual circumstances in indictment to the allegations offense and solicitor charged the actual crime to find the statutory law, "not" the actual alleged offense!!

See Petition, pp. 6-11 & attachments.[10]

---

[10]Petitioner's habeas petition is convoluted and confusing in its presentation of the issues. The grounds for relief listed hereinabove are as set forth in Respondent's brief.



**Discussion**

Respondent has moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

Respondent argues in his motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies.[11] This limitations period

---

[11]The Respondent has also moved to dismiss the petition on the grounds that Petitioner is not currently in custody on these charges. Respondent states in his memorandum that, based upon *information and belief,* Petitioner has maxed out on these charges and is in custody on a different charge. While Respondent is correct that Petitioner must satisfy the "in custody" requirement to proceed with this habeas action, the undersigned notes that, if Petitioner can show that he continues to suffer collateral consequences as a result of these convictions, the "in custody" status can be maintained. Carafas v. LaValle, 391 U.S. 234, 237-238 (1968). Based upon the record presently before the Court, additional submissions would need to be filed to reach a determination on this question. However, since this petition is clearly untimely; see, discussion, infra; the undersigned has not required additional submissions on this issue.

7



is part of the AEDPA,[12] and runs from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

This Petition falls under § 2244(d)(1)(A).

Petitioner's state court convictions became final on August 17, 2004 (ninety (90) days after May 19, 2004 - the date that Remittitur was issued in Petitioner's direct appeal).[13] Since Petitioner's APCR was already pending when his convictions became final, the period of limitations was thereafter tolled during the pendency of Petitioner's APCR. The order dismissing Petitioner's APCR was filed May 31, 2005, and since Petitioner did not timely perfect an appeal of the dismissal

---

[12]Antiterrorism and Effective Death Penalty Act of 1996.

[13]Since Petitioner filed a direct appeal, the ninety (90) day period for seeking certiorari from the United States Supreme Court is included. See e.g., 28 U.S.C. § 1257 [United States Supreme Court can only review on certiorari the final judgments of "highest court of a state"]; U.S.Sup.Ct.R. 10(b) [certiorari considered where "state court of last resort" has decided important federal question]; U.S.Sup.Ct.R. 13 [time period for petition for writ of certiorari is 90 days from decision or judgment of state court of last resort].

8



of his APCR, the dismissal became final for limitations purposes on June 30, 2005.[14] By the time Petitioner then filed his motion to dismiss "defective indictment and unconstitutional statute" on December 18, 2006, over one year had passed, and the time for Petitioner to file a federal habeas petition had therefore expired. The filing of Petitioner's motion to dismiss did not restart the federal statute of limitations, which in this case had already expired prior to the filing of this motion. Cf. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review].

It is arguable that this filing would not even have tolled the limitations period, since it was dismissed because no extraordinary reason existed for the state supreme court to even entertain the petition. In any event, even if this filing did toll the limitations period, it would have only tolled this period for eighteen (18) days, until it was dismissed on January 4, 2007. After that dismissal, an additional four hundred and eleven (411) days of non-tolled time passed before

---

[14]Unlike Petitioner's convictions which do not become final until ten (10) days later when the time to appeal expired [see discussion, supra], it not clear whether the limitations period is tolled under 28 U.S.C. § 2244 for the time period in which a petitioner *could have*, but did not, seek an appeal of a PCR court order. The tolling of Petitioner's PCR time period is based on 28 U.S.C. § 2244(d), which provides that the statute is tolled during the time the post-conviction or collateral petition is *pending.* See 28 U.S.C. § 2244; Ballenger v. Mauney, No. 07-496, 2008 WL 725546 at * 3 (D.S.C. Mar. 17, 2008)[Where Petitioner did not seek appellate review, the PCR order was final on the date that it was issued]. Therefore, it is arguable that the time is not tolled during the time period to seek an appeal unless Petitioner actually pursues an appeal. However, there is also authority to support that the time should be tolled during this time period even if Petitioner does not appeal the PCR court order. Gibson v. Klinger, 232 F.3d 799, 803-804 (10th Cir. 2000)["[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which petitioner *could have* sought an appeal under state law."]. In that event, the time to file an appeal in Petitioner's state APCR was thirty (30) days, not ten (10) days. Rule 203(b)(1), SCACR. Since even assuming that the time period was tolled during this time, it would not affect the outcome in this case, the undersigned has given the Petitioner the benefit of tolling the statute for this thirty (30) day period.

9



Petitioner attempted to file his writ of coram nobis over a year later, on February 20, 2008. Again assuming arguendo that this writ of coram nobis would have then tolled the statute, it would have only been tolled one (1) day.[15] By the time Petitioner then filed this action on May 12, 2009, over another year of additional non-tolled time had accrued since his attempted filing of his writ of coram nobis. Accordingly, Petitioner's current federal habeas petition was filed well outside his one year limitations period, and is therefore subject to dismissal.

## II.

The Fourth Circuit has held that the federal one year statute of limitations can be subject to equitable tolling. See Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230. Finally, to obtain equitable tolling, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113).

Petitioner argues in his brief that his failure to attend two PCR hearings was due to

---

[15]Since the motion was returned to him the same day for the filing fee (the order denied Petitioner's IFP request), it is difficult to conceive that it would have even tolled the statute for one (1) day. Cf. Pace v. DiGuglielmo, 544 U.S. 408, 413-416 (2005)[Petition must be properly filed to toll the statute].

10



his alleged misunderstanding of the likelihood of being ordered to return to prison and/or because he was in jail. It is not clear if Petitioner has intended to use these arguments as a basis for equitable tolling in this case. However, even if such was his intent, these arguments do not provide him with relief. These arguments relate to Petitioner's failure to appear for his PCR hearings. They do not address his failure to appeal the dismissal of his PCR action, and the record shows that he took no further court action until over eighteen months later, on December 18, 2006, when he filed his motion to "dismiss defective indictment and unconstitutional statute". When that motion was dismissed on January 4, 2007, Petitioner next attempted (over a year later) to file a petition for writ of coram nobis, but when that writ was returned to him on the same day for a filing fee, Petitioner took no further action until he filed this petition over sixteen (16) months later.

Petitioner has not shown any "extraordinary circumstances" which prevented him from filing a federal petition, nor has he shown that he acted with reasonable diligence in pursuing his claims. Pace, 544 U.S. at 419 (2005)[assuming without deciding the applicability of equitable tolling under the AEDPA statute of limitations, but finding that, under "long established principles, petitioner's lack of diligence precludes equity's operation"](citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003)[holding that the limitations period was triggered under §2244(d)(1)(D) on the date that the inmate could have discovered factual predicate of his claim "through public sources"]. Therefore, Petitioner has not met his burden of showing an entitlement to equible tolling. Harris, 209 F.3d at 330 [Petitioner has burden of showing entitlement to equitable tolling]; see also Smith v. McGinnis, 208 F.3d 13, 17-18 (2nd Cir. 2000)[AEDPA's statute of limitations may be equitably tolled only in rare and exceptional circumstances and only "if party

11



seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll."]. Accordingly, Petitioner is barred from seeking federal habeas relief. See Pearson v. North Carolina, 130 F.Supp.2d 742, 744-745 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 11, 2010
Charleston, South Carolina

12



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

