IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Michael E. Hamm, #096922, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 9:09-1297-HMH-BM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden, Ridgeland Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Michael E. Hamm ("Hamm") seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. In his Report and Recommendation, Magistrate Judge Marchant recommends granting Respondent's motion for summary judgment and dismissing Hamm's § 2254 petition.

I. FACTUAL AND PROCEDURAL BACKGROUND

Hamm is currently incarcerated at Ridgeland Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility. Hamm is presently incarcerated for committing a lewd act on a child under sixteen years of age. (Resp't Mem. Supp. Summ. J. 1.) In the instant

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

§ 2254 petition, however, Hamm challenges two 2003 convictions for indecent exposure. (Hamm § 2254 Pet., generally.) Hamm is no longer incarcerated for the indecent exposure offenses.

On January 16, 2003, Hamm entered a no contest guilty plea to two counts of indecent exposure and was sentenced to three years' imprisonment on each count concurrent with credit for time served. (Resp't Mem. Supp. Summ. J. Attach. 13 (SCDC records).) On the same day, a probation revocation was entered from a previous conviction for a lewd act on a child under sixteen years of age. (Id. at 2.) Hamm filed a timely appeal and on October 23, 2003, Aileen P. Clare filed an Anders brief raising one issue: "Should [Hamm's] convictions be vacated because S.C. Code Section 16-15-130, under which he was prosecuted, is unconstitutionally vague and overbroad?" (Id. Attach. 1 (Anders brief).) On April 15, 2004, the South Carolina Court of Appeals dismissed Hamm's appeal and granted counsel's request to be relieved. (Id. Attach. 3 (Order of Dismissal).)

Hamm also filed a pro se application for Post-Conviction Relief ("PCR") on April 21, 2003. (Id. Attach. 5 (PCR Application).) An evidentiary hearing was held on May 31, 2005. On that same day, the PCR court summarily dismissed the PCR application with prejudice. (Resp't Mem. Supp. Summ. J. Attach. 7 (May 31, 2005 Order).) Hamm did not file an appeal.

On December 16, 2006, Hamm filed a "motion to Dismiss Defective Indictment & Unconstitutional Statute to Petitioner" with the South Carolina Supreme Court. (Id. Attach. 8 (Motion).) The South Carolina Supreme Court dismissed Hamm's motion on January 4, 2007. (Id. Attach. 9 (Jan. 4, 2007 Order).) Subsequently, Hamm filed a "motion for leave to proceed in forma pauperis" on January 23, 2008. (Id. Attach. 10 (Motion).) The court denied Hamm's

request to proceed in forma pauperis and returned the petition for payment of the fee. On May 15, 2009, Hamm filed a "Request for Executive Clemency And An Petition for An Evidentiary Hearing To Show Cause Under Newly Discovered S.C. Ann. §§ 17-27-20(a)(1)(4)(6), 17-27-45(C) And 28 U.S.C.A. § 2255(e)(2), Rule 60(b)(2), S.C.R.C.P., As Actual Innocence Raised under Teague v. Lane, 489 U.S. 288 (1989)." (Id. Attach. 11 (Request for Clemency).) The South Carolina Supreme Court dismissed the pleading on May 28, 2009. (Resp't Mem. Supp. Summ. J. Attach. 12 (May 28, 2009 Order).)

On October 1, 2009, Hamm filed a motion "charging the state of South Carolina with violating his Due Process and Equal Protection Rights" and challenging the sufficiency of the evidence used to convict him. Respondent filed a memorandum in opposition on October 19, 2009 and Hamm filed a reply on October 29, 2009. Hamm filed the instant § 2254 petition on May 15, 2009.[2] In his petition, Hamm raises the following issues:

> **Ground One:**
> **Supporting Facts**: The statute for indecent exposure Ann. § 16-15-130 states: It is unlawful for a person to willfully and indecently expose [his person] in a 'public place' on 'the property of others' or to 'the view of a person on a street or highway . . .' All evidence, and statement(s) state [I] was in my [home] in front of a window and [her] in her front yard: [This is not part of the statute, so it is unconstitutional to me to be arrested, tried or sentenced to prison:].
>
> **Ground Two:**
> **Supporting Facts**: A major defect in the indictment and direct indictment is that it states: that Michael E. Hamm did in Charleston County January 8, 2002, willfully . . . . The indictment supplement, arrest warrant affidavit and arrest warrant state specifically on January 16, 2002. [if no crime happened and January 8, 2002 then how could [I] be sent to prison?]

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

**Ground Three:**
**Supporting Facts**: In that the word "unlawfully" is missing in the indictment and direct indictment then is it "not" against the law to do an crime. This is a constitutional litigation legal issue?

**Ground Four:**
**Supporting Facts**: Is a "Direct indictment" even legal? Looking at all statements and evidence this alleged victim saw nothing and defendant was not even made aware of being charged with this alleged victim. Petitioner was not . . . arrested, nor charged with a crime for this person; yet; the asst. solicitor copied the Direct Indictment from the Grand Jury indictment.

**Ground Five:**
**Supporting Facts**: When is the proper time to present the indictment(s) to an Defendant? This Petitioner never said [his] indictment(s) until after he was sentenced! So the constitutional legal issue is when is an Defendant to be presented [his] indictments. [At the jail, before going into court or while sitting in front of judge] [We] have a Personal Right" to know the cause and accusation against us, [ahead of time].

**Ground Six**:
**Supporting Facts**: "Did not" state the factual circumstances in indictment to the alleged offense and solicitor charged the actual crime to find the statutory law, 'not' the actual alleged offense!!

(Hamm § 2254 Pet., generally (brackets and errors in original).) Respondent filed a motion for summary judgment on November 5, 2009. Hamm filed a memorandum in opposition on December 7, 2009. Magistrate Judge Marchant recommends granting Respondent's motion for summary judgment and dismissing Hamm's § 2254 petition with prejudice. Hamm filed objections on March 25, 2009.[3]

---

[3] Id.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," Hamilton has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. (quoting Williams, 529 U.S. at 410). "Thus, to grant [Hamm's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C. In Custody Requirement

For the reasons set forth below, Hamm's petition is dismissed because he fails to satisfy the in custody requirement and his petition is time barred. Respondent argues that the court should grant summary judgment because (1) Hamm is no longer in "state court custody on the convictions that he seeks to challenge in his [§ 2254] Petition" and (2) his § 2254 petition is

untimely. (Resp't Mem. Supp. Summ. J. 8-9.) Hamm challenges his 2003 convictions for indecent exposure. However, Hamm has been released from custody on the indecent exposure convictions. (Id. Attach. 13 (SCDC records).) As such, he is no longer "in custody" pursuant to § 2254.

Although the magistrate judge declined to address this argument in the Report and Recommendation and Respondent filed no objections, the court is compelled to address the jurisdictional argument. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1945 (U.S. 2009) ("Subject-matter jurisdiction . . . should be considered when fairly in doubt."); Pickens v. McCall, No. 2:08-3907-RBH, 2009 WL 2252511, at *6 (July 28, 2009) (unpublished) ("[W]hen considering any petition seeking a writ of habeas corpus, a federal court is confronted with threshold question whether the petitioner is 'in custody' for purpose of establishing subject matter jurisdiction of court.") A state prisoner may file "an application for a writ of habeas corpus [if he is] *in custody pursuant to the judgment of a State court*." 28 U.S.C. § 2254(b)(1) (emphasis added). "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are *in custody* in violation of the Constitution or laws or treaties of the United States." Maleng v. Cook, 490 U.S. 488, 490 (1989) (internal quotation marks omitted). The United States Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' *under the conviction or sentence under attack at the time his petition is filed*." Id. at 490-91 (emphasis added). Moreover, the Maleng Court held that

> a habeas petitioner [does not] remain[] "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any

7

> subsequent crimes of which he is convicted. While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction. Since almost all States have habitual offender statutes, and many States provide . . . for specific enhancement of subsequent sentences on the basis of prior convictions, a contrary ruling would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time on federal habeas.

Id. at 492. Similarly, in Lackawanna County District Attorney v. Coss, 532 U.S. 394, 403-04 (2001) (internal citation omitted), the United States Supreme Court held that

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Hamm's sentence for his 2003 indecent exposure convictions has expired. He is currently incarcerated for an unrelated conviction and sentence. (Resp't Mem. Supp. Summ. J. 8.) Moreover, Hamm has not made any argument that he is currently suffering specific collateral consequences directly related to his indecent exposure convictions. There is no evidence that Hamm is currently in custody for the 2003 indecent exposure convictions. Consequently, Hamm is not "in custody" for his 2003 indecent exposure convictions and therefore cannot challenge those convictions pursuant to § 2254. Accordingly, his petition should be dismissed for lack of jurisdiction.

### D. Statute of Limitations

Hamm filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a

party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Hamm filed one specific objection: the magistrate judge erred in finding that equitable tolling does not apply. (Objections 1.) As the magistrate judge explains in great detail, Hamm's § 2254 petition is untimely. (Report and Recommendation 7-10.) Hamm alleges that the state court "wait[ed] approx. (18) eighteen months before hearing [his] PCR" which violated his right to a "speedy remedy." (Objections at 1.) Hamm's objection, however, is without merit. The statute of limitations did not begin to run in the time between the filing of his PCR application and the decision to deny his PCR application. Moreover, by arguing for equitable tolling, Hamm concedes that his § 2254 petition is untimely. However, Hamm has not provided the court with any extraordinary circumstances which prevented him from filing a § 2254 petition, nor has he shown that he acted with reasonable diligence in pursuing his claims. This is not one of "those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the one-year time limitation of Section 2255." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Therefore, for the reasons thoroughly set forth by the magistrate judge, the court finds that Hamm's motion is untimely and equitable tolling should not be afforded.

Additionally, the court finds that the arguments raised in Hamm's motion "charging the state of South Carolina with violating his Due Process and Equal Protection Rights" are similar

arguments articulated in his § 2254 petition challenging his conviction and sentence. For the aforementioned reasons, the court denies the motion "charging the state of South Carolina with violating his Due Process and Equal Protection Rights" as moot.

Therefore, after a thorough review of the record and the magistrate judge's Report and Recommendation, the court adopts the Report and Recommendation to the extent it is consistent with this order.

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 26, is granted. It is further

**ORDERED** that Hamm's § 2254 petition, docket number 1, is dismissed with prejudice without an evidentiary hearing. It is further

**ORDERED** that Hamm's motion "charging the state of South Carolina with violating his Due Process and Equal Protection Rights," docket number 21, is denied as moot. It is further

**ORDERED** that a certificate of appealability is denied because Hamm has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
April 15, 2010

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.